**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HAROLD STAFFNEY,

              Plaintiff,

                                       Case No. 16-cv-11682
vs.                                   Hon. Mark A. Goldsmith

DR. STEPHEN COHLE, et. al.

              Defendants,

_____/

## OPINION AND ORDER TRANSFERRING PLAINTIFF'S CIVIL RIGHTS COMPLAINT TO THE WESTERN DISTRICT OF MICHIGAN

Plaintiff Harold Staffney, who is presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a civil rights complaint in this district pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff claims that Defendants violated his constitutional rights by wrongly arresting, charging, and convicting him of first-degree murder in Kent County, Michigan. For the reasons stated below, the Court transfers this matter to the Western District of Michigan for further proceedings.

Plaintiff is incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan, which is located in the Western District of Michigan. Plaintiff remains incarcerated at this facility. The Defendants named in the complaint reside in the Western District of Michigan. The decisions to investigate, charge, and prosecute plaintiff, as well as the trial leading to Plaintiff's conviction, took place in Kent County, Michigan, which is also located in the Western District of Michigan.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (i) the judicial district where any defendant resides, if all of the defendants reside in the

same state; (ii) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (iii) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. <u>See</u> <u>Bunting ex rel. Gray v. Gray</u>, 2 F. App'x 443, 448 (6th Cir. 2001) (citing 28 U.S.C. § 1391(b)).

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought. <u>See</u> <u>United States v. P.J. Dick, Inc.</u>, 79 F. Supp. 2d 803, 805-806 (E.D. Mich. 2000); 28 U.S.C. § 1404(a).  Venue of a lawsuit may be transferred <u>sua sponte</u>. <u>See</u> <u>Schultz v. Ary</u>, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001).

The factors that guide a district court's discretion in deciding whether to transfer a case include: (i) the convenience of the witnesses; (ii) the location of relevant documents and the relative ease of access to sources of proof; (iii) the convenience of the parties; (iv) the locus of the operative facts; (v) the availability of process to compel the attendance of unwilling witnesses; (vi) the relative means of the parties; (vii) the forum's familiarity with governing law; (viii) the weight accorded the plaintiff's choice of forum; and (ix) trial efficiency and interests of justice, based upon the totality of the circumstances. <u>Overland, Inc. v. Taylor</u>, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

The Court concludes that, for the convenience of the parties and witnesses, as well as in the interests of justice, the present matter must be transferred to the Western District of Michigan.  Plaintiff is currently incarcerated in the Western District of Michigan and Defendants reside in that district, insofar as that is the district where they carried out their official duties. <u>See</u> <u>O'Neill v. Battisti</u>, 472 F. 2d 789, 791 (6th Cir. 1972) ("Where a public official is a party to an action in his official capacity, he resides in the judicial district where he maintains his official

residence, that is, where he performs his official duties.").  Although Plaintiff claims that venue is proper in this district because he was initially held in the Jackson County Jail when he was arrested, Plaintiff was formally charged, prosecuted, and tried in Kent County, Michigan, and the investigation of Plaintiff's crime occurred in that county as well.  See Huon v. Mudge, 597 F. App'x 868, 878 (7th Cir. 2015) ("transfer was appropriate because all nonparty witnesses and all defendants except [two] were located in the [transferee] District, where almost all relevant events occurred").

      "'In tort cases, when determining whether a substantial part of the events or omissions giving rise to the plaintiff's claim occurred or did not occur' in a particular district for purposes of § 1391(b)(2), 'the facts that courts focus on include the place where the allegedly tortious actions occurred and the place where the harms were felt.'" See Estate of Abtan v. Blackwater Lodge & Training Ctr., 611 F. Supp. 2d 1, 8 (D.D.C. 2009) (quoting 14D Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure § 3806.1 (6th ed. 2008)).  In the present case, the only allegedly tortious actions complained of by Plaintiff occurred in the Western District of Michigan, and that is where the harm (i.e., Plaintiff's continued incarceration) is being felt.  Plaintiff has not even named anyone from the Jackson County Jail as a Defendant.  Venue is therefore not proper in this district under any of the provisions of 28 U.S.C. § 1391(b), because none of the defendants reside in the Eastern District of Michigan, no substantial part of the events giving rise to plaintiff's claims took place here, and this is not a case in which no other district is available. Finally, the burden of transporting the plaintiff to this judicial district would be significant.  See Welch v. Kelly, 882 F. Supp. 177, 180 (D.D.C. 1995).

Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.


Dated:  June 1, 2016                          s/Mark A. Goldsmith
Detroit, Michigan                             MARK A. GOLDSMITH
                                              United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 1, 2016.

                                              s/Karri Sandusky
                                              Case Manager

4